1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Justin Gabriel Lincoln,                    No. CV-16-01117-PHX-DJH (BSB)

10              Petitioner,                     **REPORT**
                                                **AND RECOMMENDATION**
11  v.

12  Charles L Ryan, et al.,

13              Respondents.

14

15       Petitioner Justin Gabriel Lincoln has filed a Petition for Writ of Habeas Corpus

16  pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents assert that the Petition should be

17  dismissed because Petitioner's claim is not cognizable on federal habeas corpus review.

18  (Doc. 9.)   Respondents alternatively argue that the Petition should be dismissed as

19  untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which

20  provides the statute of limitations applicable to state prisoners seeking federal habeas

21  corpus relief, or because Petitioner's claim is procedurally barred from federal habeas

22  corpus review.  (*Id.*)  Petitioner has filed a reply in support of his Petition.  (Doc. 14.)

23  For the reasons below, the Court recommends that the Petition be dismissed as untimely.

24  **I.      Factual and Procedural Background**

25       **A.      Charges, Guilty Plea, and Sentencing**

26       On July 24, 2008, Petitioner pleaded guilty to two counts of kidnapping, class two

27  felonies and dangerous crimes against children.  (Doc. 9, Exs A-C.)  Petitioner pleaded

28  guilty and, as part of his plea, admitted the following factual basis:

1
2
3
4
5
6
7
8

> In CR 2007–048617–002 in Maricopa County, Arizona, on September 23rd, 2007 Brandon Larue Williams along with the defendant Justin Gabriel Lincoln knowingly restrained [E.B.], a child under the age of 15, with the intent to place [E.B.] in reasonable apprehension of imminent physical injury to him or to otherwise aid in the commission of a felony and the felony was to commit an armed robbery at a Game Stop Store.  Additionally, on that date both Brandon Larue Williams and Justin Gabriel Lincoln knowingly restrained [D.V.], a child under 15 years of age, with the intent to place [D.V.] in reasonable apprehension of imminent physical injury or to otherwise aid in the commission of a felony which was again the armed robbery at the Game Stop store.

9   (Doc. 9, Ex. P at 10-12.)

10   Petitioner also admitted that he restrained both children during the robbery by

11   putting them on the ground and threatening them with a gun.  (*Id.*)  On August 28, 2008,

12   the trial court sentenced Petitioner to seventeen years' imprisonment.  (Doc. 9, Ex. D.)

13   **B.    Rule 32 Of-Right Proceeding**

14   Because he pleaded guilty, Petitioner's only avenue of direct review was an "of

15   right" proceeding under Rule 32 of the Arizona Rules of Criminal Procedure.  *See* Ariz.

16   Rev. Stat. § 13-4033(B) ("[I]n noncapital cases a defendant may not appeal from a

17   judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim.

18   P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-

19   conviction relief proceeding known as a Rule 32 of-right proceeding").  On November

20   14, 2008, Petitioner filed a notice of post-conviction relief pursuant to Rule 32.  (Doc. 9,

21   Ex. E.)  Petitioner then filed a petition raising the following four claims: (1) ineffective

22   assistance of counsel; (2) the trial court erred when it sentenced him pursuant to the

23   dangerous crimes against children (DCAC) statute, Ariz. Rev. Stat. § 13–604.01, because

24   his offenses were not specifically directed at children; (3) the trial court violated

25   Petitioner's due process rights by failing to enforce Arizona Ethical Rule 1.3; and (4) the

26   trial court violated Petitioner's due process rights by setting a cut-off date for a plea.

27   (Doc. 9, Ex. F.)

28

1    On February 11, 2010, the trial court dismissed the Rule 32 of-right proceeding.

2    (Doc. 9, Ex. H.)   The court found that Petitioner's claim of ineffective assistance of

3    counsel lacked merit, Petitioner was properly sentenced under the DCAC statute because

4    his conduct in restraining the victims was directed at everyone in the store, including two

5    victims under the age fifteen, and Petitioner waived his due process claims by pleading

6    guilty.  (Doc. 9, Ex. H.)   Almost a year later, on January 18, 2011, Petitioner filed a

7    petition for review in the Arizona Court of Appeals.  (Doc. 9, Ex. I.)   On January 31,

8    2011, the Arizona Court of Appeals dismissed the petition as untimely under Rule

9    32.9(c).  (Doc. 9, Ex. J.)

10   **C.    Post-Conviction Proceeding**

11   On October 17, 2011, Petitioner filed a second notice of post-conviction relief in

12   the trial court.  (Doc. 9, Ex. K.)   Petitioner later filed a petition arguing that newly

13   discovered facts entitled him to relief.  (Doc. 9, Ex. L.)   Specifically, Petitioner asserted

14   that he had recently learned that too much time passed between his initial appearance and

15   when the State filed a complaint.  (*Id.*)  On October 27, 2011, the trial court dismissed the

16   proceeding as untimely.  (Doc. 9, Ex. M.)   The court determined that Petitioner failed to

17   state a claim sufficient to excuse the untimeliness.  (*Id.*)

18   On November 22, 2011, Petitioner filed a "Request for Leave to File Amendment

19   of Pleadings."   (Doc. 9, Ex. N.)   Because Petitioner did not have a pending Rule 32

20   proceeding and therefore no pleading to amend, the court treated the filing as a third

21   petition for post-conviction relief.  (Doc. 9, Ex. O.)   In that petition, Petitioner asserted

22   that the State violated Rule 4.1(b) of the Arizona Rules of Criminal Procedure when it did

23   not file the complaint within forty-eight hours of Petitioner's initial appearance, did not

24   release him from jail during that time, and did not appoint Petitioner counsel to challenge

25   that unlawful incarceration.  (Doc. 9, Ex. N.)   On December 13, 2011, the court denied

26   relief.  (Doc. 9, Ex. O.)   The court found that Petitioner's claim was waived because he

27   could have raised it in his prior post-conviction proceeding.  (*Id.*)   The court alternatively

28   found that Rule 4.1(b) was not violated and, even if a violation occurred, Petitioner had

- 3 -

1    not shown how it affected his subsequent guilty plea and sentence.  (*Id*.)  Petitioner did

2    not file a petition for review.

3                **D.       Federal Petition for Writ of Habeas Corpus**

4             On April 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in this

5    Court raising a single claim that he is "actually innocent as it pertains to sentencing

6    [because the State] failed to prove every element beyond a reasonable doubt necessary to

7    activate the sentencing enhancement Petitioner ple[aded] guilty to."   (Doc. 1.)

8    Respondents argue that Petitioner does not present a cognizable claim, the Petition is

9    untimely, and Petitioner's claim is procedurally defaulted and barred from federal habeas

10   corpus review.  (Doc. 9.)  As set forth below, the Court concludes that the Petition is

11   untimely and should be dismissed on that basis.  Therefore, the Court does not address

12   Respondents' other grounds for denying relief.

13   **II.      Timeliness of Petition**

14            Respondents argue that the Petition is untimely under the AEDPA one-year

15   limitations period. (Doc. 9 at 5.)  Petitioner does not dispute that his Petition is untimely.

16   (Doc. 14.)  Rather, he argues that the Court should excuse his untimely filing.  (*Id.*)  As

17   discussed below, the Court finds the Petition untimely.

18            The AEDPA provides a one-year statute of limitations for state prisoners to file

19   petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  "Section

20   2244(d)(1) 'contain[s] multiple provisions relating to the events that trigger its running.'"

21   *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*,

22   560 U.S. 631, 647 (2010)).  "The triggering events are the dates on which: direct review

23   becomes final, an unlawful state-created impediment to filing is removed, a new

24   constitutional right is made retroactively available, or the factual predicate of the claim(s)

25   presented could have been discovered with 'due diligence.'"   *Id.* (quoting 28 U.S.C.

26   § 2244(d)(1)(A)–(D)).  The one-year statute of limitations begins running on the latest of

27   these dates.  *See* 28 U.S.C. § 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir.

28   2001).    Because  the  Petition  does  not  implicate  any  of  the  starting  dates  in

1    § 2244(d)(1)(B)-(D), the Court determines the triggering date for the limitations period

2    under § 2244(d)(1)(A).

3    ### A.    Commencement of the Limitations Period

4    Under § 2244(d)(1)(A), the limitations period begins to run on "the date on which

5    the judgment became final by the conclusion of direct review or the expiration of time for

6    seeking such review."  As previously noted, by pleading guilty, Petitioner was precluded

7    from pursuing a direct appeal in the Arizona Court of Appeals.  *See* Ariz. Rev. Stat. §13-

8    4033(B).  However, Petitioner could seek review in an "of-right" proceeding pursuant to

9    Rule 32, which is the functional equivalent of a direct appeal.  *See* Ariz. R. Crim. P. 32.1

10   and 32.4; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona

11   courts consider Rule 32 of-right proceedings a form of direct review).  On November 14,

12   2008, Petitioner commenced a Rule 32 of-right proceeding.  (Doc. 9, Ex. E.)  The trial

13   court denied relief and dismissed that proceeding on February 11, 2010.  (Doc. 9, Ex. H.)

14   Petitioner had thirty days in which to file a petition for review in the Arizona

15   Court of Appeals.  *See* Ariz. R. Crim. P. 32.9(c).  Respondents add five days to the thirty-

16   day deadline citing Rule 1.3 of the Arizona Rules of Criminal Procedure, which provides

17   that "whenever a party has the right or is required to take some action within a prescribed

18   period after service of a notice or other paper and such service is allowed and made by

19   mail, 5 days shall be added to the prescribed period."  Ariz. R. Crim. P. 1.3(a); *see State*

20   *v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding that Rule 1.3 applies to petitions

21   for review in post-conviction proceedings).  With the additional five days, Petitioner had

22   until March 18, 2010 to file a petition for review.  Petitioner did not file a petition for

23   review in the Arizona Court of Appeals by that deadline.[1]   Therefore, Petitioner's

24   conviction became final upon the expiration of the time for seeking direct review on

25   _____

26   [1]  After March 18, 2010 deadline for seeking review in the appellate court expired,
     on January 18, 2011, Petitioner filed a petition for review in the Arizona Court of
27   Appeals and the court dismissed it as untimely.  (Doc. 9, Exs. I and J.)  Petitioner's
     untimely filing does not change the time for seeking direct review which expired on
28   March 18, 2010, and does not affect the commencement of the statute of limitations.  *See*
     *Hemmerle v. Schriro*, 495 F.3d 1068, 1073-74 (9th Cir. 2007) (a conviction is final on
     direct review upon the expiration of the time for seeking further review).

1   March 18, 2010, and the one–year limitations period began running the next day.  *See*

2   *Hemmerle*, 495 F.3d at 1073-74 (a petitioner's conviction was final on direct review upon

3   the expiration of the time for seeking review of the court of appeals decision in the

4   Arizona Supreme Court); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 656 (2012)

5   (direct review becomes "final" on the date the time for seeking such review expires).

6   Accordingly, the limitations period expired on March 18, 2011.  Thus, unless statutory

7   tolling, equitable tolling, or an exception to the statute of limitations applies, the Petition,

8   which was filed on April 18, 2016, is untimely.

9          **B.      Statutory Tolling**

10          The AEDPA's one-year limitations period is tolled during the time that a

11   "properly filed application for State post-conviction or other collateral review with

12   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino*

13   *v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral

14   review is pending in State court for "all the time during which a state prisoner is

15   attempting, through proper use of state court procedures, to exhaust state remedies with

16   regard to particular post-conviction proceedings.").

17          After the limitations period expired, Petitioner commenced his second and third

18   post-conviction proceedings in October and November 2011.   (Doc. 9, Exs. K, N.)

19   However, once the AEDPA limitations period expires, a subsequently filed post-

20   conviction relief proceeding cannot restart the statute of limitations.  *See Ferguson v.*

21   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not

22   permit the reinitiation of the limitations period that has ended before the state petition

23   was filed").  Because the AEDPA statute of limitations had expired by the time Petitioner

24   commenced his post-conviction proceedings in October and November 2011, those

25   proceedings did not toll the limitations period.

26          **C.      Equitable Tolling**

27          The AEDPA limitations period may be equitably tolled because it is a statute of

28   limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).

1    However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has

2    been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

3    his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).   Whether to apply the

4    doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the

5    burden of showing that equitable tolling is appropriate.'"   *Espinoza-Matthews v.*

6    *California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

7          Petitioner has not articulated, and the record does not reveal, any extraordinary

8    circumstance that prevented him from filing a timely federal habeas corpus petition.

9    (Docs. 1 and 14.)   Petitioner's lack of familiarity with the law and lack of legal assistance

10   do not constitute extraordinary circumstances sufficient to toll the limitations period.  *See*

11   *Ballesteros v. Schriro*, 2007 WL 666927, at \*5 (D. Ariz. Feb. 26, 2007) (a petitioner's

12   *pro se* status, ignorance of the law, lack of representation during the applicable filing

13   period, and temporary incapacity do not constitute extraordinary circumstances).

14   Accordingly, equitable tolling does not apply.

15              **D.     Equitable Exception to the Statute of Limitations**

16         In his Reply, Petitioner asserts the Court should excuse his non-compliance with

17   the statute of limitations under an equitable exception to the statute of limitations.

18   (Doc. 14.)    Specifically, Petitioner argues that he is "actually innocent" of the

19   enhancement of his sentence based on the commission of a dangerous crime against

20   children because although minors were present during the robbery, there is no evidence

21   that he directed his conduct at them.   (Doc. 14 at 5-8.)   As discussed below, Petitioner has

22   not shown that an equitable exception of the limitations period applies.

23         In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013), the United

24   States Supreme Court recognized an exception to the AEDPA statute of limitations for a

25   claim of actual innocence.  *McQuiggin*, 133 S. Ct at 1928 ("Actual innocence, if proved,

26   serves as a gateway through which a petitioner may pass whether the impediment is a

27   procedural bar . . . [or] expiration of the statute of limitations."   The Court adopted the

28   actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15

- 7 -

(1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims.[2] *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House [v. Bell*, 547 U.S. 518 (2006), or . . . expiration of the statute of limitations.").

To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316.  In the sentencing context, actual innocence means "actual[] innocen[ce] of the act on which [the petitioner's] harsher sentence was based." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171 (2d Cir. 2000).  In this context, "the actual innocence inquiry will focus on the reliability of those facts that make defendant eligible for a harsher sentence . . . ."  *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 346-47 (1992)). "[T]enable actual-innocence gateway pleas are rare."  *McQuiggin*, 133 S.Ct. at 1928.  The *Schlup* standard permits review only in the "extraordinary" case.  *Schlup*, 513 U.S. at 324-27.

Petitioner's claim of actual innocence is based on his assertion that the trial court improperly sentenced him pursuant to Ariz. Rev. Stat. § 13-604.01, which applies to convictions for dangerous crimes against children, because Petitioner believes his conduct did not target children as required by that statute.[3] (Doc. 1 at 6; Doc. 14.)  Under

---

[2]  Respondents argue that the actual innocence exception does not apply to non-capital cases.  (Doc. 9 at 9.)  The Court does not need to resolve this issue because assuming the actual innocence exception applies to Petitioner's case, Petitioner does not satisfy that exception.  *See* Section II.C.

[3]  At time of Petitioner's offenses, Ariz. Rev. Stat. § 13-604.01(D) (2007) provided that:

> Except as otherwise provided in this section, a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the first degree involving aggravated assault, molestation of a child, commercial sexual exploitation of a minor, sexual exploitation of a minor, child abuse or kidnapping shall be sentenced to a presumptive term of imprisonment for seventeen years.  If the convicted person has been previously convicted of one predicate felony the

1   the statute, a defendant's sentence may be enhanced as a dangerous crime against

2   children if the State "prov[es] the defendant committed a crime enumerated by the statute

3   that 'focused on, [was] directed against, aimed at, or target[ed] a victim under the age of

4   fifteen.'" *State v. Miranda–Cabrera*, 99 P.3d 35, 39 (Ariz. Ct. App. 2004) (quoting *State*

5   *v. Sepahi,* 78 P.3d 732, 735 (Ariz. 2003)).  Petitioner argues that the DCAC statute does

6   not apply to his conduct because children were merely present at the scene of the robbery,

7   but he did not specifically target children.[4]  (Doc. 14 at 5.)

8        As previously noted, Petitioner pleaded guilty and admitted that during a robbery,

9   he restrained two children under the age of fifteen by putting them on the ground and

10   threatening them with a gun.  (Doc 9, Ex. P at 10-12.)  He also admitted that he acted

11   with the intent to place the children in reasonable apprehension of imminent physical

12   injury or to otherwise aid in the commission of a felony.  (*Id.*)  Petitioner does not dispute

13   the facts upon which his conviction and sentences were based, but argues that those facts

14   do not support the application of Arizona's dangerous crimes against children statute to

15   his sentence.  (Doc. 14 at 5.)  However, as part of the factual basis for his guilty plea,

16   Petitioner specifically admitted that he knowingly restrained two children who were

17   under the age of fifteen with the intent to aid the armed robbery of the Game Stop store.

18   (Doc. 9, Ex. P at 10-12.)  Thus, contrary to Petitioner's claim, the record reflects that his

19   conduct was directed at the victims under the age of fifteen and, as such, satisfied the

20   requirements of Ariz. Rev. Stat. § 13-604.01.  *See State v. Williams*, 854 P.2d 131, 136-

21   37 (Ariz. 1993) (naming kidnapping as an offense for which, "[a]s a practical matter, . . .

22   impossible to imagine . . . could be committed without targeting persons); *Sepahi*, 78

23   P.3d at 734 (Ariz. 2003) (stating that there is "no doubt that" confronting child with

24

25        person shall be sentenced to a presumptive term of
          imprisonment for twenty-eight years.

26        [4] To support this argument Petitioner cites *United States v. Negrete-Gonzales*, 966
     F.2d 1277, 1282 (9th Cir. 1992).  (Doc. 14 at 6.)  That case does not involve Arizona's
27   DCAC statute.  Rather in that case the Ninth Circuit concluded that a "mere presence"
     jury instruction was unnecessary when the government's case related to drug charges
28   against the defendant was based on more than the defendant's presence and the jury was
     instructed on the elements of the crime.  *Id.*

1  deadly weapon satisfies *Williams's* focus requirement and that crime is a deadly crime

2  against children.)  Therefore, Petitioner has not met *Schlup's* high standard and the actual

3  innocence exception does not excuse his untimely filing.

4  **III.    Conclusion**

5      The Court concludes that the Petition is untimely and that Petitioner has not

6  established a basis to extend or avoid the statute of limitations.  Because Petitioner has

7  not established any basis to extend or avoid the AEDPA statute of limitations, his § 2254

8  petition should be denied as untimely.  Therefore, the Court does not consider

9  Respondents' other arguments for denying habeas corpus relief.[5]

10     Accordingly,

11     **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be

12 **DENIED**.

13     **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

14 leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the

15 Petition is justified by a plain procedural bar and reasonable jurists would not find the

16 procedural ruling debatable and because Petitioner has not made a substantial showing of

17 the denial of a constitutional right.

18     This recommendation is not an order that is immediately appealable to the Ninth

19 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal

20 Rules of Appellate Procedure should not be filed until entry of the District Court's

21 judgment.  The parties shall have fourteen days from the date of service of a copy of this

22 recommendation within which to file specific written objections with the Court.  *See* 28

23

24     [5] Alternatively, the Court agrees with Respondents that Petitioner is not entitled to
habeas corpus relief based on his claim of actual innocence asserted in Ground One.  The
Supreme Court has not recognized a free-standing claim of actual innocence in non-

25 capital cases.  *See McQuiggin*, 133 S. Ct. at 1931 (stating that the Court has "not resolved
whether a prisoner may be entitled to habeas relief on a freestanding claim of actual

26 innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)).  "[T]he [Supreme]
Court [has] explained that if habeas relief depends upon the resolution of 'an open

27 question in [Supreme Court] jurisprudence,' § 2254(d)(1) precludes relief."  *Crater v.
Galaza*, 491 F.3d 1119, 1123 (9th Cir. 2007) (quoting *Cary v. Musladin*, 549 U.S. 70, 76

28 (2009)).  Additionally, Petitioner admits that his claim is procedurally defaulted.
(Doc. 14 at 8; *see* Doc. 9 at 11-19 (discussing procedural default and procedural bar).)

1  U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which

2  to file a response to the objections.  Failure to file timely objections to the Magistrate

3  Judge's Report and Recommendation may result in the acceptance of the Report and

4  Recommendation by the District Court without further review.  *See United States v.*

5  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to

6  any factual determinations of the Magistrate Judge may be considered a waiver of a

7  party's right to appellate review of the findings of fact in an order or judgment entered

8  pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

9       Dated this 24th day of October, 2016.

Bridget S. Bade
United States Magistrate Judge