IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Gabriel Lincoln,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-16-01117-PHX-DJH<br><br>**ORDER** |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 15). In July 2008, Petitioner pleaded guilty in Maricopa County Superior Court to two counts of kidnapping, class two felonies and dangerous crimes against children under Arizona law, for restraining two children under age 15 during a robbery by putting them on the ground and threatening them with a gun. (Doc. 15 at 1-2). Petitioner was sentenced to a total of 17 years in prison. (Doc. 15 at 2). In the single claim for relief raised in his habeas petition, Petitioner contends he is "actually innocent as it pertains to sentencing [because the State] failed to prove every element beyond a reasonable doubt necessary to activate the sentencing enhancement Petitioner ple[aded] guilty to." (Doc. 15 at 4) (quoting Petitioner's habeas petition).

      After full consideration of the issues, Judge Bade concluded that Petitioner's claims are time-barred because he failed to file the habeas petition within the one-year

statute of limitations period. (Doc. 15 at 10). Judge Bade determined that statutory tolling based on post-conviction relief proceedings in state court did not apply because Petitioner filed his second and third petitions for post-conviction relief after the statute of limitations period had already expired. (Doc. 15 at 6). Petitioner's first post-conviction relief petition was an "of-right" proceeding under Arizona law, which is the functional equivalent of a direct appeal. (Doc. 15 at 5). The trial court denied Petitioner's of-right petition on February 11, 2010. (*Id.*). Because Petitioner failed to file a timely petition for review in the Arizona Court of Appeals, his convictions became final upon expiration of the time for doing so, which was March 18, 2010. (Doc. 15 at 5-6). Judge Bade therefore determined that the one-year limitations period started to run the next day and expired on March 18, 2011. (Doc. 15 at 6). Consequently, the habeas petition, which was not filed until April 18, 2016, was more than five years too late. Moreover, Petitioner did not demonstrate he was entitled to equitable tolling or that an equitable exception to the limitations period should apply. (Doc. 15 at 6-10). Accordingly, Judge Bade recommends that the habeas petition be denied. (Doc. 15 at 10).

Judge Bade advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (Doc. 15 at 10-11) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the habeas

petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 15) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 16th day of March, 2017.

Honorable Diane J. Humetewa
United States District Judge